FILED

DEC 31 2012

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

VICENTE CERVANTES-AVALOS,

Defendant - Appellant.

No. 12-30060

D.C. No. 2:11-cr-00123-JCC

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
John C. Coughenour, District Judge, Presiding

Submitted December 19, 2012[**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Vicente Cervantes-Avalos appeals from the district court's judgment and

challenges the 45-month and one-week sentence imposed following his bench-trial

conviction for illegal reentry after deportation, in violation of 8 U.S.C. § 1326.  We

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Cervantes-Avalos contends that the district court procedurally erred by failing to explain the sentence and by relying on the clearly erroneous premise that he had illegally returned to the United States to sell drugs. We review for plain error, *see United States v. Valencia-Barragan*, 608 F.3d 1103, 1108 (9th Cir. 2010), and find none. The district court reviewed all of the evidence submitted, listened to the mitigating arguments, and considered the 18 U.S.C. § 3553(a) factors. Nothing more was required. *See Rita v. United States*, 551 U.S. 338, 358-59 (2007). Further, the court properly considered Cervantes-Avalos's history of drug offenses in the context of the need for deterrence and to protect the public. It did not choose the sentence based on clearly erroneous facts. *See United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

Cervantes-Avalos next contends that his sentence is substantively unreasonable. Under the totality of the circumstances, including Cervantes-Avalos's history of immigration violations, the below-Guidelines sentence is substantively reasonable. *See* 18 U.S.C. § 3553(a); *Gall v. United States*, 552 U.S. 38, 51 (2007).

**AFFIRMED.**